THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| TAWNIE EGGLESTON,<br><br>Petitioner,<br><br>v.<br><br>STATE OF UTAH,<br><br>Respondent. | **MEMORANDUM DECISION & ORDER DISMISSING HABEAS PETITION**<br><br>Case No. 1:23-cv-00057-DBB<br><br>District Judge David Barlow |

Petitioner, Tawnie Eggleston, appearing *pro se*, petitions this court for habeas corpus relief from her 2022 misdemeanor conviction of trespassing. *See* 28 U.S.C.S. §2254(a) (2024). Under the Antiterrorism and Effective Death Penalty Act of 1996, ("AEDPA") federal district courts "shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." *Id*. Respondent moved to dismiss Petitioner's case because Petitioner failed to properly exhaust her state remedies. Response (ECF No. 10.) Having considered the Petition, the Response, and other documents on file, the court concludes that Petitioner is currently ineligible for the federal habeas relief because she failed to provide state courts an opportunity to redress her claims. The motion to dismiss is therefore granted and the Petition is DISMISSED WITHOUT PREJUDICE.

## I. BACKGROUND

On November 29, 2022, Petitioner pled no contest to a misdemeanor charge of criminal trespass in Davis County, Utah. Minutes, *Clearfield City v. Eggleston*, No. 221701933, at 1-2

1

(Utah 2d Dist. Nov. 29, 2022) (ECF No. 10-1.) The trial court found the plea to have been entered knowingly and voluntarily and entered it into the record. *Id*. p. 2. Petitioner was sentenced to twenty-two days in jail with credit for twenty-two days served and placed on probation for twelve months with an order not to contact the victim except with approval of the probation agency or the court. *Id*.

According to Petitioner, she later attempted to withdraw her no contest plea and appeal her conviction by mailing a notice of appeal to the trial court on December 31, 2022. Petitioner acknowledges that her notice of appeal may have been procedurally defective. ("I serviced this Notice by US Mail on Dec 31, 2022. I was too overwhelmed to keep up with all the cases I was dealing with at the time. Looking back, I should have filed in the appeals court, but I didn't know and was too burdened.") Petition, (ECF No. 1, at 2.)

Petitioner next sought removal of her criminal proceedings to this court. *Clearfield City v. Eggleston*; 1:23-cv-00044 DAK, ECF No. 1 (D. Utah Apr. 14, 2023). Petitioner's motion to transfer her criminal proceedings to federal court was denied on April 18, 2023. *Id*. ECF No. 2.

Petitioner, appearing pro se[1] next initiated the instant proceeding (the "AEDPA Petition") on May 10, 2023. (ECF No. 1.) The AEDPA Petition asserts four claims: 1) Petitioner was not properly served notice of her charges because she did not receive the charging documents by U.S. Postal Service; 2) Testimony from a witness in a separate proceeding establishes Petitioner's actual innocence; 3) Petitioner entered the no contest plea under duress because she

---

[1] Petitioner's pro se pleadings are entitled to liberal construction. *See Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed pro se is to be liberally construed.") (internal quotations omitted) (internal citations omitted.) *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) ("[I]f the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements.") "Nevertheless, the court should not assume the role of advocate, and should dismiss claims which are supported only by vague and conclusory allegations." *Northington v. Jackson*, 973 F.2d 1518, 1521 (10th Cir. 1992).

was in custody and could not be confident that the alibi witness would testify on her behalf; and, 4) The charges against Petitioner were based on hearsay evidence.

While this case has been pending, Petitioner filed a petition for post-conviction relief in the Utah state courts (the "PCRA Petition") on December 5, 2023. Petition, *Eggleston v. Clearfield City*, No. 230701452, Dkt. No. 1 (Utah 2d Dist. Dec. 5, 2023). According to the Utah district court, the PCRA Petition asserted the following claims: 1) Petitioner attempted to appeal her conviction; 2) Witness testimony from a separate proceeding establishes her alibi; 3) Petitioner was never properly served charging documents; 4) Petitioner entered her plea without understanding the rights she waived; 5) Petitioner's plea was coerced. Order, *Id*. Dkt. No. 19 (ECF No 10-6, at 1.) The Utah district court concluded that all of the PCRA Petition's claims were defective for various reasons. Nevertheless, the court appointed counsel and stayed the case allowing Petitioner the opportunity to show cause why the claims should not be dismissed. *Id*. at 5.

Meanwhile, Respondents filed a motion to dismiss Petitioner's AEDPA petition on March 27, 2024, arguing, *inter alia*, that Petitioner had failed to exhaust her federal claims in state court as required by the AEDPA. (ECF No. 10.)

Petitioner's pro se Response to the motion to dismiss (styled as "Judicial Notice DENIAL OF MOTION TO DISMISS") asserts a series of conclusory arguments but neglects to address either the issue of exhaustion or any other issue raised in Respondent's motion to dismiss. *See* ECF No. 14. Instead, Petitioner argues that the motion to dismiss should be denied because: Petitioner filed a document purporting to appoint the judge presiding over this proceeding as her personal trustee; Petitioner is a "'holder in due course' and the Beneficiary of the United States Constitutions by law"; Petitioner is entitled to consideration as a foreign state with respect to the

3

United States; Petitioner is not an attorney and has not received adequate representation; Petitioner filed notice to vacate her plea of no contest in the underlying criminal case; and, Petitioner "Accept[s] and Return[s] for Value the Charging Instrument in Return for Consideration and Post Settlement of the Account. UCC 3-303." (ECF No. 19, at 1.) Petitioner further contests that she is "exempt from the Jurisdiction of the United States." (ECF No. 26, at 2.) Petitioner has also filed other irrelevant documents, including a UCC Financing Statement (ECF No. 18); a document styled as "The New Living Trust and Legislative Reformation Act of 2022" purporting to be "An Act of Redresse [sic] of Grievance by want of Remedy for the Outstanding Effects of the Cestui Que Vie Act of 1666" (ECF No. 34); and a document styled as "The New Living Trust Reformation Act Ch. 2" purporting to be "An Act Establishing the Reformation of the United States." (ECF No. 35.) In short, Petitioner has filed a series of "sovereign citizen"-style documents. These documents contain irrelevant and non-sensical allegations and arguments. Therefore, the court does not consider them further.

## II. EXHUASTION

Petitioner has not exhausted any of her AEDPA claims because she has not completed one complete round of the appeal process established by the state of Utah. *See Selsor v. Workman*, 644 F.3d 984, 1026 (10th Cir. 2011) (quoting *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999)). The Utah Supreme Court has not been afforded the opportunity to consider any of her claims. Nor has she carried her burden to demonstrate that recourse to the state corrective processes would have been futile. *See id*.

"A state prisoner generally may not raise a claim for federal habeas corpus relief unless [s]he 'has exhausted the remedies available in the courts of the State.'" *Selsor v. Workman*, 644 F.3d at 1026 (quoting 28 U.S.C. § 2254(b)(1)(A)). "The exhaustion requirement is designed to

4

avoid the 'unseemly' result of a federal court 'upset[ting] a state court conviction without' first according the state courts an 'opportunity to . . . correct a constitutional violation.'" *Davila v. Davis*, 582 U.S. 521, 527 (2017) (quoting *Rose v. Lundy*, 455 U.S. 509, 518 (1982)). "To exhaust a claim, a state prisoner must pursue it through 'one complete round of the State's established appellate review process,' giving the state courts a 'full and fair opportunity' to correct alleged constitutional errors." *Selsor v. Workman*, 644 F.3d at 1026 (quoting *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999)). If a person in state custody has not properly exhausted state remedies, the federal courts ordinarily decline to entertain an application for a writ of habeas corpus unless exhaustion would have been futile. *Id.* "The state prisoner bears the burden of proving that [s]he exhausted state court remedies, or that exhaustion would have been futile." *Id.* (citations omitted). A prisoner may establish the futility of state remedies by showing either that "there is an absence of available State corrective process" or "circumstances exist that render such process ineffective to protect the rights of the applicant." *Id.* (quoting 28 U.S.C. §§ 2254(b)(1)(B)(i), (ii)).

Petitioner pled no contest to a misdemeanor charge of criminal trespass on November 29, 2022. Minutes, *Clearfield City v. Eggleston*, No. 221701933, at 1-2 (Utah 2d Dist. Nov. 29, 2022) (ECF No. 10-1.) The trial court found the plea to have been entered knowingly and voluntarily and entered it into the record. *Id*. p. 2. Petitioner was sentenced on the same day. *Id*. The Utah Code of Criminal Procedure only allows defendants to withdraw a plea of no contest prior to sentencing. U.C.A. § 77-13-6(2)(b) (2024). After sentencing, Petitioner's plea and conviction could only be challenged in the Utah courts pursuant to Utah's post-conviction remedies procedures. U.C.A. § 77-13-6(2)(c); *State v. Helbach*, 2004 Utah App. LEXIS 438, *4 ("If a defendant does not timely request to withdraw [her] plea, any challenge to the plea must be

made pursuant to rule 65C and the [Utah Post-Conviction Remedies Act, U.C.A § 78B-9 ("PCRA")]").

However, Petitioner initiated this proceeding without affording the Utah courts a full and fair opportunity to consider her claims. Petitioner did eventually file a pro se PCRA petition in the Utah state courts. The Utah district court has indicated its intent to dismiss all of Petitioner's PCRA claims but has appointed counsel to assist Petitioner and explain why the claims should not be dismissed. Order, *Eggleston v. Clearfield City*, No. 230701452, Dkt. No. 19 at 5 (Utah 2d Dist. Feb. 27, 2024) (ECF No. 10-6). Petitioner's PCRA action has been stayed until October 1, 2025. *Id*. Dkt. No. 41 (entered Nov. 11, 2024). If Petitioner's PCRA claims are ultimately dismissed, Petitioner may appeal. However, at this point, the Utah Supreme Court has not yet been afforded any opportunity to address any of Petitioner's post-conviction claims. Therefore, none of Petitioner's claims have been exhausted for the purposes of AEDPA review. *See Selsor v. Workman*, 644 F.3d at 1026 (quoting *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999)). Nor has Petitioner carried her burden to show that pursuing state corrective processes would be futile. *See id.*

### III. AEDPA PERIOD OF LIMITATIONS

The AEDPA sets a one-year period of limitation to file a habeas corpus petition. 28 U.S.C.S. § 2244(d)(1) (2024). The period begins to run from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C.S. § 2244(d)(1)(A). Alternatively, the period runs from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C.S. § 2244(d)(1)(D). In this context, the Tenth Circuit Court of Appeals has defined due diligence as "an 'objective standard' that refers to when a plaintiff

6

'could have' discovered the pertinent facts, not when [he] actually discovered them." *Madrid v. Wilson*, 590 F. App'x 773, 776 (10th Cir. 2014) (quoting *United States v. Denny*, 694 F.3.d 1185, 1189 (10th Cir. 2012)).

### A. Statutory Tolling

The federal limitation period "is tolled or suspended during the pendency of a state application for post-conviction relief properly filed during the limitations period." *May v. Workman*, 339 F.3d 1236, 1237 (10th Cir. 2003) (citing 28 U.S.C.S. § 2244(d)(1)). A "state postconviction application 'remains pending' 'until the application has achieved final resolution through the State's postconviction procedures.'" *Lawrence v. Florida*, 549 U.S. 327, 332 (2007) (quoting *Carey v. Saffold*, 536 U.S. 214, 220 (2002)); *see also Fisher v. Raemisch*, 762 F.3d 1030, 1032 (10th Cir. 2014). Once the post-conviction case ends in state court, the one-year limitation period begins to run again. *See Holland v. Florida*, 560 U.S. 631, 638 (2010).

Tolling, however, does not revive the limitations period—i.e., restart the clock at zero. It serves only to suspend a clock that has not already run. *See id.*; *Fisher v. Gibson*, 262 F.3d 1135, 1142–43 (10th Cir. 2001); *see also Laws v. LaMarque*, 351 F.3d 919, 922 (9th Cir. 2003). Thus, any time between when a petitioner's direct appeal becomes final and when he files his petition for state post-conviction relief is counted in the limitations period. And, any time between when the state post-conviction action concludes and before a petitioner's habeas petition is filed also counts toward the limitations period because state-collateral review only pauses the one-year period; it does not delay its start. *See Smith v. McGinnis*, 208 F.3d 13, 17 (2d Cir. 2000) ("[P]roper calculation of Section 2244(d)(2)'s tolling provision excludes time during which properly filed state relief applications are pending but does not reset the date from which the one-year statute of limitations begins to run.").

7

In other words, time elapsing after a petitioner's conviction becomes final on direct review, but before a state post-conviction petition is filed, and time after final disposition of the petitioner's post-conviction proceedings, but before the filing of the federal habeas petition, aggregate to count against the one-year-limitation period. *See Sutton v. Cain*, 722 F.3d 312, 316 n.6 (5th Cir. 2013) ("To calculate when the limitations period has run, we aggregate the time between (i) the date the petitioner's conviction became 'final' and the date the petitioner filed his state [post-conviction] application; and (ii) the date the state [post-conviction] process concluded and the date the petitioner filed his federal habeas petition.").

### B. Equitable Tolling

Equitable tolling may also suspend the statutory period. "Equitable tolling is 'a judicially-crafted stopping of the clock' that" is applied "'only in rare and exceptional circumstances.'" *United States v. Barger*, 784 F. App'x 605, 607 (10th Cir. 2019) (unpublished) (quoting Fisher, 262 F.3d at 1143); *Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000)). Equitable tolling "will not be available in most cases, as extensions of time will only be granted if 'extraordinary circumstances' beyond a prisoner's control make it impossible to file a petition on time." *Calderon v. U.S. Dist. Ct.*, 128 F.3d 1283, 1288 (9th Cir. 1997) (citation omitted). A petitioner is only entitled to equitable tolling if he shows "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida*, 560 U.S. at 649 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). Examples warranting equitable tolling are "'when an adversary's conduct . . . prevents a prisoner from timely filing, or when a prisoner actively pursues judicial remedies but files a defective pleading during the statutory period.'" *Stanley v. McKune*, 133 F. App'x 479, 480 (10th Cir. 2005) (quoting *Gibson*, 232 F.3d at 808 (citation omitted)).

Meanwhile, "equitable exception" refers to "actual innocence" that "'serves as a gateway through which a petitioner may pass' . . . to overcome . . . his failure to abide by the federal statute of limitations in order to have his . . . claim[s] heard on the merits." *Fontenot v. Crow*, 4 F.4th 982, 1030 (10th Cir. 2021) (quoting *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013)).

On both grounds, Petitioner "has the burden" of showing equitable tolling or an equitable exception applies. *Lovato v. Suthers*, 42 F. App'x 400, 402 (10th Cir. 2002) (unpublished).

Petitioner entered a no contest plea to a misdemeanor trespass charge on November 29, 2022, and was sentenced on the same day. Based on this court's understanding of the Utah rules of procedure, once she was sentenced, Petitioner's only remaining option to challenge her conviction was to file a petition for post-conviction relief under the PCRA. *See* U.C.A. § 77-13-6(2); *State v. Helbach*, 2004 Utah App. LEXIS 438, *4 ("If a defendant does not timely request to withdraw [her] plea, any challenge to the plea must be made pursuant to rule 65C and the [PCRA]"). Petitioner's AEDPA period of limitations commenced when her conviction became final under the Utah Rules of Procedure.

Petitioner filed the instant proceeding on May 10, 2023, 162 days after she was sentenced. The federal period of limitations was tolled when this action was filed. Once this action is dismissed, Petitioner's federal period of limitations will remain tolled by virtue of the ongoing PCRA proceedings. However, Petitioner is cautioned that once her PCRA action becomes final, the remaining federal period of limitations will automatically recommence. If Petitioner wishes to file a new AEDPA petition at that point, she will have to do so within the remainder of the federal period of limitations.

## V. CONCLUSION

Petitioner's claims are currently unexhausted. Despite multiple filings, Petitioner has failed to establish that she has afforded the Utah courts a full and fair opportunity to address any of her claims by completing one complete round of the appeal process established by Utah. Nor has Petitioner carried her burden to show that recourse to the Utah courts would have been futile. Therefore, Petitioner fails to show why her procedural default should be excused.

**IT IS THEREFORE ORDERED** that Respondent's motion to dismiss is **GRANTED.** The Petition for habeas corpus is **DISMISSED WITHOUT PREJUDICE**.

**IT IS ALSO ORDERED** that a certificate of appealability is **DENIED**.

This action is **CLOSED**.

DATED this 11th day of December, 2024.

BY THE COURT

JUDGE DAVID BARLOW
United States District Court